IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| CENTRAL UTAH WATER CONSERVANCY DISTRICT,<br><br>    Plaintiff,<br><br>vs.<br><br>ROBERT C. CUMMINGS and JOHN A. CUMMINGS,<br><br>    Defendants. | ORDER REQUESTING BRIEFING ON JURISDICTION<br><br><br><br><br><br>Case No. 2:06-CV-00362 PGC |

Defendants Robert and John Cummings have removed this case from the Eighth Judicial District Court of Utah, claiming that a "federal agency is the real plaintiff or party in interest" and that the "current action is an attempt to circumvent required Congressional approval and the court should look to substance [instead of] form."[1] The Cummings further allege that removal is appropriate because "there are present in this action [] substantial and pivotal federal questions."[2]

The complaint filed in the Eight Judicial District Court by the Central Utah Water Conservancy District (CUWCD) is a condemnation action against the Cummings' property

---

[1] Notice of Removal, at 2-3.

[2] *Id*. at 4.

pursuant to Utah Code Ann. §§ 17A-2-1413 and 78-34.4.5. The complaint alleges only that the CUWCD is a "water conservancy district organized under the laws of the state of Utah" and that the action proceeds in accordance with Utah state laws. The complaint does not indicate that real property has been acquired by a State agency at the request of a Federal agency for a Federal program or project.[3] Nor does the complaint include any reference to the Bureau of Land Reclamation. Therefore, on its face, the complaint does not demonstrate federal jurisdiction due to the CUWCD's status.

Additionally, the 2004 Resolution provided within the complaint alleges that fee title shall remain in the CUWCD's hands, and that certain Utah statutes, rather than federal statutes, permit CUWCD's exercise of the power of eminent domain. It does not appear likely to the court that "Congressional approval" is needed for the CUWCD to exercise its powers in accordance with clear Utah statutes. Finally, the complaint on its face does not appear to present substantial and pivotal federal questions that would require this court to assume jurisdiction.

"[A] federal court [must] satisfy itself of subject matter jurisdiction before proceeding to the merits of the claim-even when the question of the merits is the easier one and is substantively resolvable against the claim over which jurisdiction is in doubt."[4] Given the court's reading of the complaint and the Cummings' difficult-to-decipher notice of removal, the court requests full briefing on the jurisdictional issues of this case. At the moment, the court fails to see the federal jurisdictional nexus to a case involving a state agency appropriating land in accordance with state

---

[3] *See* 42 U.S.C. § 4628.

[4] *Gold Local 7 United Food & Commercial Workers Union*, 159 F.3d 1307, 1309-10 (10th Cir. 1998) *overruled on other grounds by Styskal v. Weld County Bd. Or Comm'rs*, 365 F.3d 855, 858 (10th Cir. 2004).

statutes.

Accordingly, the defendants Cummings are directed to file a pleading showing why federal jurisdiction is appropriate within ten days of this order.  Plaintiff may file any response within ten days thereafter.

SO ORDERED.

DATED this 8th day of May, 2006.

BY THE COURT:

_____
Paul G. Cassell
United States District Judge