IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| CENTRAL UTAH WATER CONSERVANCY DISTRICT,<br>Plaintiff,<br><br>vs.<br><br>ROBERT C. CUMMINGS and JOHN A. CUMMINGS,<br>Defendants. | ORDER REMANDING CASE TO EIGHTH JUDICIAL DISTRICT COURT OF UTAH<br><br>Case No. 2:06-CV-00362 PGC |

Defendants Robert and John Cummings have removed this case from the Eighth District Court of Utah, claiming that a "federal agency is the real plaintiff or party in interest" and that the "current action is an attempt to circumvent required Congressional approval and the court should look to substance [instead of] form."[1] The Cummings further allege that removal is appropriate because "there are present in this action [] substantial and pivotal federal questions."[2] Plaintiff Central Utah Water Conservancy District (CUWCD) argues that federal subject matter jurisdiction does not exist and requests the court to remand this case back to the Eighth District

[1] Notice of Removal, at 2-3 (Docket No. 1).

[2] *Id*. at 4.

Court.

After briefing from both parties, the court finds that the Cummings have not sufficiently shown appropriate federal subject matter jurisdiction over this complaint. Accordingly, the court remands this case to the Eight District Court of the state of Utah.

**DISCUSSION**

As an initial matter, because district courts are courts of limited jurisdiction,[3] the court must determine if it has jurisdiction over this case. If "the parties fail to raise the question of the existence of jurisdiction, the federal court has the duty to raise and resolve the matter."[4] "[A] federal court [must] satisfy itself of subject matter jurisdiction before proceeding to the merits of the claim-even when the question of the merits is the easier one and is substantively resolvable against the claim over which jurisdiction is in doubt."[5] "The propriety of removal thus depends on whether the case originally can be filed in federal court. . . . A cause of action arises under federal law only when a plaintiff's well-pleaded complaint raises issues of federal law."[6]

After requesting briefing from the parties, the court is now in a position to evaluate the claims more closely. The Cummings argue that the 2004 Resolution attached to the complaint "contains allegations which clearly establish that this project is a federally funded project and

---

[3] *See Exxon Mobil Corp. v. Allapattah Servs.*, 125 S. Ct. 2611, 2616 (2005)

[4] *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).

[5] *Gold Local 7 United Food & Commercial Workers Union*, 159 F.3d 1307, 1309-10 (10th Cir. 1998) *overruled on other grounds by Styskal v. Weld County Bd. Or Comm'rs*, 365 F.3d 855, 858 (10th Cir. 2004).

[6] *City of Chi. v. Int'l College of Surgeons*, 522 U.S. 156, 163 (1997) (quotations and citations omitted).

that [CUWCD] is seeking to acquire defendants' real property at the request of a federal agency."[7] The Cummings also argue that the 2004 Resolution "clearly identifies the United States Bureau of Reclamation" and that "congressional approval is necessary."[8] Finally, they argue that CUWCD's complaint is a "proceeding to condemn real estate for the use of the United States" and the "complaint raises substantial, pivotal federal questions."[9]

A federal right must be an essential element of the plaintiff's claim in the state complaint, as "the controversy must be disclosed on the face of the complaint, unaided by the answer or by the petition for removal."[10] Removal statutes are strictly construed against the removing party,[11] as the removing party bears the burden of demonstrating that removal to federal court is appropriate.[12] Under the well-pleaded complaint rule, whether a claim "arises under" federal law for purposes of federal question jurisdiction "must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything

---

[7] Def's Supp. Brief on Juris., Docket No. 12, at 2 (May 30, 2006).

[8] *Id*. at 5.

[9] *Id*. at 5-6.

[10] *Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 112-13 (1936).

[11] *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) ("Removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand."); *see also Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974) ("[S]ince the courts of the United States are courts of limited jurisdiction, there is a presumption against [the existence of federal jurisdiction].").

[12] *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936) ("The court may demand that the party alleging jurisdiction justify his allegations by a preponderance of the evidence.").

alleged in anticipation or avoidance of defenses which it is thought the defendant may interpose."[13]

The state complaint, filed by CUWCD, is a condemnation action against the Cummings' property pursuant to Utah Code Ann. §§ 17A-2-1413 and 78-34.4.5. The complaint alleges only that the CUWCD is a "water conservancy district organized under the laws of the state of Utah" and that the action proceeds in accordance with Utah state laws. The complaint does not indicate that real property has been acquired by a State agency at the request of a Federal agency for a Federal program or project.[14] Nor does the complaint include any reference to the Bureau of Land Reclamation. Therefore, on its face, the state complaint does not belie federal jurisdiction due to the CUWCD's status.

The 2004 Resolution provided with the state complaint is a Resolution authorizing the acquisition of real property adopted by the Board of Trustees of the CUWCD. This Resolution references 42 U.S.C. § 4601, and also mentions numerous other federal and state statutes in its Resolution. The Resolution discusses the funding agreements between the CUWCD and other state and federal agencies, and also explicitly states that fee title to the condemned land shall remain in CUWCD's hands. Finally, it references certain Utah statutes, rather than federal statutes, permitting CUWCD's exercise of the power of eminent domain.[15] Specifically, the Resolution provides that CUWCD "may acquire, as necessary, in [CUWCD's] name, the real

---

[13] *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 10 (1983).

[14] *See* 42 U.S.C. § 4628.

[15] "[CUWCD] is authorized . . . to have and to exercise the power of eminent domain . . pursuant to Utah Code Ann. § 17A-2-1413."

properties, or interests in real properties . . . pursuant to the applicable eminent domain laws and statutes of the State of Utah, and related laws and statutes."[16]

The Cummings seek to meet their high burden by arguing that the 2004 Resolution attached to CUWCD's state complaint demonstrates this court's jurisdiction in the matter. Absent the 2004 Resolution, the Cummings provide no argument that jurisdiction arises from the face of the state complaint. The Cummings argue that because the 2004 Resolution referenced federal law, and because CUWCD is allegedly acquiring the condemned property for a federal agency, this case falls under 28 U.S.C. § 1358 and is proper before the court. Additionally, the Cummings argue that Congressional approval is necessary for the CUWCD's actions, thereby providing the court with federal subject matter jurisdiction. Finally, the Cummings argue that 28 U.S.C. § 4628 specifically deems CUWCD's acquisition to be an acquisition by a federal agency, thereby proper for review by this court.

First, for the CUWCD to be deemed a federal agency for the purpose of condemning the Cummings' land, there must be "extensive, detailed and virtually day-to-day supervision" by the federal government before "federal agency" status attaches to such a non-federal entity.[17] CUWCD references only Utah state statutes regarding the actual condemnation of the Cummings' property, and makes passing reference to federal law in the 2004 Resolution. Accordingly, it clearly does not act to condemn the Cummings' property under any other

---

[16] 2004 Resolution, at 4 ¶ 2.

[17] *Forsham v. Harris*, 445 U.S. 169, 180 (1980); *United States v. Orleans*, 425 U.S. 807, 815-16 (1976).

authority but Utah state statutes.

Second, CUWCD's action, taken pursuant to Utah Code Ann. § 17A-2-1413 does not provide this court with federal question jurisdiction to permit removal. The court views this as a purely state action, as it is a suit filed by a state entity, acting solely pursuant to state law, albeit with an attached resolution by CUWCD referencing certain federal laws. The complaint does not allege, nor does the Resolution sufficiently demonstrate, that CUWCD is acting as a federal agency and seeking to condemn the Cummings' property under federal law. The court also sees no need to interpret federal law in this matter, as CUWCD's actions arise solely out of Utah state law and are not taken pursuant to any federal law. Because the actions taken by CUWCD are state actions, the court does not see any sufficient federal question jurisdiction in this matter.

Third, the well-pleaded complaint rule sufficiently bars the Cummings' removal action in this case. CUWCD provided the 2004 Resolution as background for its motion, but it clearly alleged only that it is a state agency acting under state law to condemn the property. The Cummings' allegations of federal action are well-put as affirmative defenses, but these would not bestow federal jurisdiction on the matter.[18] As CUWCD's complaint actually relies solely on state law, any references to background statements mentioning federal law cannot form the basis for removal to this court. Although "federal-question jurisdiction may be appropriate if state-law claims implicate significant federal issues,"[19] the court finds no significant federal issues brought up by the state complaint or the 2004 Resolution that need to be addressed. Indeed, the Utah

---

[18] *Nicodemus v. Union Pacific Corp.*, 440 F.3d 1227, 1232 (10th Cir. 2006).

[19] *Id.*

state courts are sufficiently prepared to deal with a state agency seeking condemnation proceedings pursuant to state law.

Finally, the Cummings move for leave to file a reply memorandum and request oral argument before the court on this matter [#15]. The court has already provided the Cummings the opportunity to brief the relevant issues of the court's subject matter jurisdiction and does not find a reply brief to be useful in this matter. The Cummings' brief on jurisdiction recited major portions of the Cummings' notice of removal and did not offer any new relevant material to the court; it is therefore difficult to understand how a reply memorandum would provide anything further for the court to consider. And oral argument in this matter does not strike the court as particularly constructive. Therefore, the court DENIES the Cummings' motion for leave to file a reply brief and request for oral argument [#15].

**CONCLUSION**

CUWCD's complaint, if plainly read, alleges only a state agency condemnation action arising under state law. The complaint, nor the 2004 Resolution, do not offer this court anything remotely resembling federal question jurisdiction under 28 U.S.C. § 1441(a). Based on CUWCD's pleadings, the Cummings' notice of removal, and the briefs offered by both parties, the court finds that federal question jurisdiction is not proper in this case. The court also DENIES the Cummings' motion for leave to file a reply brief and request for oral argument [#15].

The court orders this case REMANDED back to the Eight District Court of the State of Utah. The Clerk's Office is directed to close this case.

SO ORDERED.

DATED this 22nd day of June, 2006.

BY THE COURT:

Paul G. Cassell
United States District Judge